Tara M. Johnson, ISB #8341
S<small>EIFER</small>, Y<small>EATS</small>, Z<small>WIERZYNSKI</small> & G<small>RAGG</small>, LLP
121 SW Morrison Street, Suite 1025
Portland, OR  97204
Email: taraj@seifer-yeats.com
Telephone: (503) 223-6740
Facsimile: (503) 223-9564

Attorney For Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ENGINEERED STRUCTURES, INC., A CORPORATION OF IDAHO, an Idaho corporation,<br><br>              Plaintiff,<br><br>    vs.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff  Engineered Structures, Inc., a Corporation of Idaho ("ESI"), hereby brings this suit, demands a jury trial, and alleges as follows:

### THE PARTIES

1.  Plaintiff ESI is an Idaho corporation, with its principal place of business in the state of Idaho.

2.  Defendant Travelers Property Casualty Company of America ("Travelers"), was

COMPLAINT

Page 1 of 8

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

at all relevant times herein an insurer incorporated under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut. Travelers is authorized to do, and was at all relevant times doing, business in the State of Idaho.

## JURISDICTION AND VENUE

3. Jurisdiction is founded on diversity of citizenship and the amount at issue. ESI is a corporation incorporated under the laws of the state of Idaho with its principal place of business in the state of Idaho. Travelers is incorporated in the State of Connecticut with its principal place of business in Connecticut. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC § 1332.

4. This Court has personal jurisdiction over Travelers because it transacted insurance in Idaho within the meaning of Idaho Insurance Code, I.C. § 41-112, and because the claim giving rise to this lawsuit arose out of risks for which Travelers provided coverage.

## THE INSURANCE POLICY

5. Travelers issued CMT2210413, Construction PAK Builders' Risk Coverage Form, Policy Number QTJ660-9A154639, which was effective between September 1, 2014 and September 1, 2015 (the "Policy").

6. The Policy provides insurance coverage for multiple losses to the Project, including, but not limited to, paying for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss, as well as specified coverage extensions and additional coverages.

## THE CLAIMS

8. On or about December 23, 2014, ESI made a claim for losses under the Policy.

9. ESI was the prime contractor for the construction of an improvement commonly known as the Fred Meyer Fueling Station, Store # 040 and located at 8420 SW 24th Avenue, Portland, Oregon in Multnomah County (the "Project").

COMPLAINT

Page 2 of 8

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

10. On or about December 23, 2014, a fuel tank installed on the Project (the "Tank") floated out of the backfill surrounding it, causing damage to the Tank, requiring repair and reinstallation of the Tank, and delaying the Project (the "Occurrence").

11. The Occurrence resulted in physical loss or damage that required repair and extra work on the part of ESI, as well as additional costs, including, but not limited to, expediting of work, temporary work, debris removal, and soft costs.

12. ESI has incurred additional costs, that it would not have incurred had there been no direct physical loss and/or damage to the Project, all in an amount to be proven at trial but not less than $177,431.99 (the "Claim").

13. On or about February 24, 2015, Travelers denied ESI's Claim.

14. On or about March 12, 2015, Travelers again denied ESI's Claim.

15. ESI has complied with all of the terms, conditions and obligations under the Policy and performed all conditions precedent on its part to be performed.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

16. ESI hereby incorporates the allegations set forth in paragraphs 1 through 15, as though fully set forth herein.

17. Travelers has a contractual duty to pay ESI's Claim pursuant to the terms of the Policy.

18. Travelers breached its contractual duty to ESI by denying any obligation to pay the Claim.

19. As a result of the contractual breach by Travelers, ESI has been damaged in an amount to be proven at trial, but not less than $177,431.99.

20. Pursuant to I.C. § 41-1839(4), ESI is also entitled to an award of its attorney fees, costs and disbursements incurred as a result of Travelers' denial and in bringing this action, as

COMPLAINT

Page 3 of 8

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

well as prejudgment interest at 12% per annum on all of their damages from the date incurred until the date judgment is entered.

## SECOND CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing)

21. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 20, as though fully set forth herein.

22. ESI has incurred substantial liabilities and damages which Travelers is legally obligated to pay as a result of the Occurrence that resulted in physical loss of and/or damage to the Project.

23. The Policy contains an implied covenant of good faith and fair dealing owed by Travelers.  Pursuant to this covenant, Travelers was under an obligation to promptly and fairly investigate the Claim and provide coverage for said claim.

24. Travelers failed and refused to promptly and fairly investigate the Claim and provide insurance coverage for such claims.  Accordingly, Travelers has breached the implied covenant of good faith and fair dealing in the following particulars:

    a. Travelers ignored the results of its own investigation regarding the Occurrence, including, but not limited to, the finding that the Occurrence was caused by an increased groundwater elevation; and

    b. Traveler's denied ESI's tenders without fully investigating the Claim.

25. As a direct and consequential result of Travelers' breach, ESI has been deprived of its insurance coverage and has sustained substantial actual damages, in an amount to be determined at the time of trial, but in excess of the minimum jurisdiction requirement of this Court, including, but not limited to, losses covered under the Policy, and other economic losses, all in a sum to be shown by proof at trial.

/ / /

COMPLAINT

Page 4 of 8

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

26.     Pursuant to I.C. § 41-1839(4), ESI is entitled to an award of their attorney fees, costs, and disbursements incurred as a result of Travelers' breach and in bringing this action, as well as prejudgment interest at 12% per annum on all of the damages from the date incurred until the date judgment is entered.

## THIRD CAUSE OF ACTION

### (Negligence)

27.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 26 as though fully set forth herein.

28.     As an insurer doing business in Idaho, Travelers is subject to the standard of care set forth in Idaho Code § 41-1329.  The statute establishes the minimum standard of care for insurers doing business in the State with respect to the settlement of claims presented to insurers.  As a licensee in Idaho, Travelers is deemed to be knowledgeable of these minimum standards.

29.     These minimum standards of care established by the Idaho Legislature include, among others:

a.      That an insurer must not misrepresent pertinent facts or insurance policy provisions relating to coverages at issue.  I.C. § 41-1329(1).

b.      That an insurer must not fail to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.  I.C. § 41-1329(2).

c.      That insurer must not refuse to pay a claim without conducting a reasonable investigation based upon all available information.  I.C. § 41-1329(4); and,

d.      That an insurer must attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.  I.C. § 41-1329(6).

30.     Idaho law recognizes a cause of action in tort for a negligent breach of the standard of care fixed by the Idaho Unfair Claims Settlement Practices Act.

31.     The duties of care in the statute are designed to prevent the harm ESI suffered in

COMPLAINT

Page 5 of 8

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

this case.

32. ESI is also a member of the class of persons meant to be protected by the standard of care set forth in I.C. § 41-1329.

33. Travelers breached the standards of care it owed ESI in the following particulars:

(a) Travelers misrepresented the facts leading up to the Occurrence in its denial of coverage, including, but not limited to the elevated water table and increased groundwater elevation;

(b) Travelers' denial of ESI's tenders was not reasonable; and,

(c) Traveler's failed to conduct an adequate, complete, and reasonable investigation of the Claim.

34. As a direct and proximate cause of Travelers' conduct, ESI has been deprived of its insurance coverage and has sustained substantial and actual damages, consequential damages and out-of-pocket expenses, in an amount to be determined at the time of trial, but in excess of the minimum jurisdictional requirement of this Court, including, but not limited to, losses covered under the Policy, and other foreseeable economic losses, all in a sum to be shown by proof at trial.

35. In committing these acts, Travelers' acted intentionally, oppressively, maliciously and fraudulently, with a conscious disregard of ESI's rights, with the intention of benefitting itself financially and with the intention of causing, or recklessly disregarding the probability of causing, injury to ESI. In so acting, Travelers intended to and did vex, annoy, injure and harass ESI. As a result of such conduct, ESI is entitled to exemplary and punitive damages.

36. Pursuant to I.C. § 41-1839(4), ESI is entitled to an award of its attorneys' fees, costs, and disbursements incurred in bringing this action, as well as prejudgment interest at 12% per annum on all of ESI's damages from the date incurred until judgment is entered.

/ / /

COMPLAINT

Page 6 of 8

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment)

37. ESI hereby incorporates the allegations set forth in paragraphs 1 through 36, as though fully set forth herein.

38. Pursuant to the Federal Declaratory Judgment Act, 28 USC § 2201, and Fed. R. Civ. P. 57, an actual controversy exists because the dispute between the parties is definite and concrete, and affects the parties' adverse legal interests with sufficient immediacy to warrant judicial relief.

39. The Policy provides specified coverage for ESI's Claim.

40. Travelers has a contractual duty to pay ESI's Claim.

41. Travelers has denied any obligation to pay ESI's Claim.

42. A judicial declaration is necessary and appropriate at this time in order that the parties may ascertain the coverage obligations of Travelers under the Policy for the Claim. Specifically, ESI asks the Court to declare as follows:

    a. That the tanks and associated parts damaged during the Occurrence are "Covered Property" as defined by the Policy;

    b. That the Occurrence itself is a Covered Cause of Loss as that term is defined by the Policy;

    c. That the Occurrence is not an Exclusion as defined by the Policy; and,

    d. ESI is entitled to recover its costs under the Policy for the Occurrence.

43. Pursuant to I.C. § 41-1839(4), ESI is entitled to recover its attorneys' fees in pursuing coverage in this action.

## PRAYER FOR RELIEF

WHEREFORE, ESI demands and prays for relief as follows:

1) On ESI's First Cause of Action: a money judgment against Travelers for an amount to

COMPLAINT

Page 7 of 8

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

be proven at trial, but not less than $177,431.99, ESI's costs, disbursements, and reasonable attorneys' fees incurred herein, as well as prejudgment interest at 12% per annum;

2) On ESI's Second Cause of Action: a money judgment against Travelers for an amount to be proven at trial, but not less than $177,431.99, plus ESI's costs, disbursements, and reasonable attorneys' fees incurred herein, as well as prejudgment interest at 12% per annum;

3) On ESI's Third Cause of Action: a money judgment against Travelers for an amount to be proven at trial, as well as exemplary and punitive damages, plus ESI's costs, disbursements, reasonable attorneys' fees and prejudgment interest at 12% per annum;

4) On ESI's Fourth cause of Action: a judicial declaration of the particulars set forth in paragraph 42 (a) through (d), inclusive, together with an award of ESI's costs, disbursements, and reasonable attorneys' fees incurred herein; and

5) Any other relieve the Court deems just and equitable.

DATED:     December 1, 2016
           SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP

            s/ Tara Johnson
           Tara M. Johnson, ISB 8341
           taraj@seifer-yeats.com
           Of Attorneys for Engineered Structures, Inc., a Corporation of Idaho

COMPLAINT

Page 8 of 8

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564